DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants Gerard, Daniel, Elaine, and Martha Tomasik (collectively "the Tomasiks") have appealed from the judgment of the Summit County Court of Common Pleas, Probate Division, finding them liable to Plaintiff-Appellee, George Wertz, the guardian of Hedwig M. Jurkoshek's estate. This Court dismisses in part and affirms in part.
 I {¶ 2} This appeal involves one of the many actions pertaining to Jurkoshek, and subsequently, her estate. During the latter half of 1996, the Tomasiks, Jurkoshek's nieces and nephews, took various monies from Jurkoshek, including her bank account funds and various bonds. When Jurkoshek discovered that the Tomasiks had taken these actions, she sought the help of Attorney George Wertz. On September 4, 1996, Wertz filed an application in probate court, asking the court to appoint him as Jurkoshek's guardian. See Probate Case No. GA-1996-09-002 *Page 2 
("guardianship case"). On December 27, 1996, the probate court formally appointed Wertz as Jurkoshek's guardian.
 {¶ 3} On March 16, 1998, Wertz filed a declaratory judgment action in the probate court along with an accounting, requesting each of the Tomasiks return the monies that they took from Jurkoshek without her consent. See Probate Case No. 1998-CV-03008. As Jurkoshek's guardian, Wertz also hired Attorneys Thomas Mullen and Philip Kaufmann to pursue a conversion action in the Summit County Court of Common Pleas against Gerard, Martha, and Elaine Tomasik. See Common Pleas No. 1997-CV-074518. On February 10, 1998, Martha and Elaine Tomasik filed their answer in the common pleas conversion action and counterclaimed against Wertz for conversion and breach of fiduciary duty. On March 17, 1998, Wertz filed a notice of voluntary dismissal, dismissing his conversion action against Gerard, Martha, and Elaine Tomasik. Martha and Elaine Tomasik, however, did not dismiss their counterclaims against Wertz.
 {¶ 4} On May 4, 1998, Martha and Elaine Tomasik answered Wertz' declaratory action in the probate court and counterclaimed against Wertz for conversion and breach of fiduciary duty as Jurkoshek's guardian. Daniel and Gerard Tomasik filed separate answers on May 20, 1998 and May 21, 1998, respectively. Because of the identical nature of Martha and Elaine Tomasiks' counterclaims in the guardianship case and the common pleas conversion action, the trial judge in the common pleas court ordered that the common pleas case be transferred to probate court. The parties then engaged in a lengthy discovery period, partially owing to the Tomasiks' refusal to respond to Wertz' discovery requests. On February 8, 1999, the parties filed an agreed upon entry in which the Tomasiks acknowledged that they had failed to comply with discovery and stipulated to any sanctions that the court might impose for this failure. The *Page 3 
parties further agreed that any sanctions would be deferred until the scheduled trial. On April 20, 1999, the parties had a trial before the magistrate.
 {¶ 5} On July 26, 1999, the magistrate issued her decision, awarding judgment to Wertz. The magistrate found each of the Tomasiks liable for specific dollar amounts including interest. The magistrate also found that Wertz, as Jurkoshek's guardian, was entitled to an award of attorney fees because "[t]he declaratory judgment statutes * * * and relevant case law * * * recognize the authority to access attorney fees[.]" Additionally, the magistrate reasoned that Civ. R. 37 authorized her to award attorney fees as a sanction for the Tomasiks' failure to respond to discovery. She awarded Wertz "all expenses and attorney fees incurred by [him] in the recovery of [Jurkoshek's] assets." She specified that "[t]hese additional amounts shall be subject to future determination as to reasonableness and necessity upon Motion to this Court[.]"
 {¶ 6} On August 6, 1999, the trial court entered judgment adopting the magistrate's decision. The court ordered the following: (1) Daniel Tomasik owed Jurkoshek's guardianship estate $42,927.00 plus interest at 6% from December 5, 1996 ("interest"); (2) Gerard Tomasik owed Jurkoshek's guardianship estate $42,370.00 plus $4,832.00 in withdrawal penalties plus interest; (3) Elaine Tomasik owed Jurkoshek's guardianship estate $48,973.00 plus $40,000 "gift" and interest; (4) Martha Tomasik owed Jurkoshek's guardianship estate $48,924.00 plus $40,000 "gift" and interest; and (5) the Tomasiks owed Wertz expenses and attorney fees. The trial court repeated the magistrate's mandate that "[t]hese additional [expenses and attorney fees] shall be subject to future determination as to reasonableness and necessity upon Motion to this Court[.]" *Page 4 
 {¶ 7} On August 31, 1999, the Tomasiks filed their objections to the magistrate's decision.[1] Wertz filed a response on September 20, 1999. On October 5, 1999, the trial court overruled the Tomasiks' objections and reiterated the findings and conclusions of law it set forth in its August 6, 1999 judgment entry. The Tomasiks filed their notice of appeal in this Court, but this Court dismissed their appeal for lack of a final, appealable order. See Wertz v. Tomasik, et al.
(June 28, 2000), 9th Dist. No. 19835, at *1 (noting that the trial court failed to enter judgment as to one of the defendants). On July 18, 2000, the trial court issued a corrected, final order, which disposed of all the defendants, reiterated the court's judgment, and indicated that there was no just reason for delay.
 {¶ 8} On August 10, 2000, the Tomasiks again filed a notice of appeal, arguing that the probate court failed to consider the family gift presumption and that Jurkoshek was not competent to testify at trial. This Court issued its decision on February 7, 2001. See Wertz v.Tomasik, et al. (Feb. 7, 2001), 9th Dist. No. 20209. We found that the probate court mentioned the family gift presumption in its judgment entry, but did not determine whether or not it applied. Consequently, we reversed the judgment in part and remanded for the trial court to determine whether the family gift presumption applied. We also affirmed the court's judgment in part, finding that the probate court did not abuse its discretion in determining that Jurkoshek was competent to testify.
 {¶ 9} Post-remand, a different magistrate considered the evidence and found that the family gift presumption did not apply. The Tomasiks filed their objections to the magistrate's decision on November 21, 2001, and Wertz filed a response on December 21, 2001. On August *Page 5 
9, 2002, the trial court issued its order overruling the Tomasiks' objections. The trial court adopted the magistrate's decision and found that the family gift presumption did not apply.
 {¶ 10} On September 9, 2002, the Tomasiks filed their notice of appeal in this Court. On September 12, 2002, this Court issued a show cause order, ordering the Tomasiks to respond within twenty days with a memorandum explaining why the matter should not be dismissed for lack of a final, appealable order. The Tomasiks never responded to this Court's show cause order, so we dismissed their appeal on October 10, 2002.
 {¶ 11} On September 27, 2007, the Tomasiks filed a motion to dismiss for failure to prosecute pursuant to Civ. R. 41(B) in the probate court.[2] The Tomasiks argued Wertz' action should be dismissed because Wertz failed to secure a final, appealable order after this Court dismissed the action on October 10, 2002. The Tomasiks claimed the following:
 "[S]aid appeal was dismissed for lack of a final appealable order due to the fact that [the probate] [c]ourt had never reinstated the money judgments previously rendered against the [Tomasiks] and, therefore, that issue still remains before the [probate] [c]ourt."
The Tomasiks sought dismissal of the action since, they argued, Wertz had not secured a final appealable order in the five years since this Court's dismissal.
 {¶ 12} On October 30, 2007, Wertz filed his response to the Tomasiks' motion to dismiss. Wertz requested that the probate court "issue an Order Nunc Pro Tunc so that this case can be closed." Wertz argued that the judgment in this matter, Case No. 1998-CV-03008, was final as to everything but the award of attorney fees. He further argued that the probate court *Page 6 
already had awarded attorney fees in the guardianship case and that these fees were actually for the work performed in Case No. 1998-CV-03008. Consequently, Wertz argued that the probate court only had to issue one additional entry containing both the final judgments from Case No. 1998-CV-03008 and the award of attorney fees from the guardianship case to "close the case."
 {¶ 13} On November 21, 2007, the probate court issued an order denying the Tomasiks' motion to dismiss for failure to prosecute. That same day, the court issued an "Order Nunc Pro Tunc" that reiterated the money judgments against the Tomasiks, noted that it had ordered an award of attorney fees in the guardianship case, adopted the award of the attorney fees in Case No. 1998-CV-03008, and assigned "[a]ll judgments herein * * * to the estate of [Jurkoshek], case number 2003 ES 0463."
 {¶ 14} On December 19, 2007, the Tomasiks filed their notice of appeal in this Court. On March 10, 2008, the Tomasiks moved to supplement the record with all the pleadings and transcripts from their prior appeals in this case and from the guardianship case and their appeal in that case. This Court denied the Tomasiks' motion to supplement, but ordered them to provide the Court with copies of all the trial court orders issued in the guardianship case. The Tomasiks' appeal is now before this Court and raises six assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING THAT THE FAMILY GIFT PRESUMPTION DOES NOT APPLY IN THE CASE AT BAR"
 {¶ 15} In their first assignment of error, the Tomasiks argue that the trial court erred in determining, upon this Court's remand, that the family gift presumption did not apply them. The *Page 7 
Tomasiks argue that this appeal represents the first opportunity that they have had to challenge the trial court's finding because the trial court's judgment was not final until the court issued its "Order Nunc Pro Tunc" on November 21, 2007.
 {¶ 16} Courts have inherent authority to issue nunc pro tunc entries in certain instances, such as to remedy a factual inaccuracy or jurisdictional defect. Fisher v. Cleveland, 109 Ohio St.3d 33,2006-Ohio-1827, at ¶ 45; State v. Taylor (1997), 78 Ohio St.3d 15,23-24. This authority, however, only extends to issues actually decided.State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164 ("[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide."). If a court exceeds its authority by entering a purported "nunc pro tunc" that actually determines issues not previously decided, then the court's order is invalid. National LifeIns. Co. v. Kohn (1937), 133 Ohio St. 111, paragraph three of the syllabus. Moreover, even if a court properly enters a nunc pro tunc pursuant to its inherent authority that order generally will be given retrospective application. Petition for Inquiry into CertainPractices (1948), 150 Ohio St. 393, paragraph two of the syllabus (noting that a judgment sometimes may be given effect from the actual date of the nunc pro tunc entry, but generally will be given retrospective operation).
 {¶ 17} Our review of the record indicates that the probate court entered a final judgment in this matter on July 18, 2000. That order awarded a monetary judgment in favor of Wertz (as the guardian of Jurkoshek), reasonable attorney fees in an amount to be determined at a later point in time, and indicated that the parties had no just reason for delay in seeking their appeal. The Tomasiks appealed from that final order, challenging the trial court's consideration of the family gift presumption and Jurkoshek's competence to testify. See Wertz v. Tomasik,et al. *Page 8 
(Feb. 7, 2001), 9th Dist. No. 20209. Although we reversed the trial court's decision in part and remanded the case for the trial court to consider the family gift presumption, this Court never vacated the trial court's order. See id. at *3. On remand, the trial court decided the single issue upon which this Court remanded the case. The Tomasiks subsequently appealed, and we dismissed their appeal on October 17, 2002. The Tomasiks argue that this Court dismissed their appeal because the trial court's entry failed to reiterate the monetary judgment in its entirety. Unfortunately, the Tomasiks misconstrued our prior order.
 {¶ 18} This Court issued a show cause order on September 12, 2002. That order raised the following concern:
 "[I]t does not appear as if the trial court has independently entered judgment in the present case, but, rather, has only ruled on the [Jurkoshek's] objections to the magistrate's decision. See, generally, Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 221."
Harkai held that a trial court's order is not final when it simply "affirms" or adopts a magistrate's order without entering its own statement of relief. Harkai, 136 Ohio App.3d at 221. The trial court must independently enter its own judgment because the trial court's judgment is the focal point for accessing finality, not the court's ruling on the magistrate's decision. Id. (noting that "the trial court's action on the magistrate's decision is not an essential element of a final order"). The reason that this Court issued its show cause order, therefore, was out of a concern that the trial court's order did not independently enter judgment on the magistrate's decision as set forth in Harkai. Upon further, independent review of the trial court's order, we find that the order contained sufficient language to make it a final, appealable order.[3] This Court *Page 9 
never reached that determination in 2002, however, because the Tomasiks failed to respond to its show cause order. Thus, we dismissed the Tomasiks' appeal, not because of the finality of the trial court's order, but because the Tomasiks failed to respond to our order.
 {¶ 19} The record reflects that after the trial court issued its final order as to the family gift presumption on August 9, 2002, the parties had a final judgment as to each aspect of Case No. 1998-CV-03008, with the exception of the exact amount of attorney fees to be awarded to Wertz as Jurkoshek's guardian. This Court's partial reversal and remand on the sole issue of the family gift presumption did not disturb the remainder of the trial court's July 18, 2000 order, including its monetary judgments. See Wertz v. Tomasik, et al. (Feb. 7, 2001), 9th Dist. No. 20209, at *2-3 (noting that the trial court had mentioned the presumption in its order, but had not specified whether or not it applied, and remanding the matter for that determination without vacating the trial court's order). Furthermore, the trial court's July 18, 2000 order contained Civ. R. 54(B) language. See Internatl. Bhd. ofElectrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,116 Ohio St.3d 335, 2007-Ohio-6439, at ¶ 17; Weber v. Weber (May 23, 2001), 9th Dist. No. 00CA007722, at *4. The fact that the trial court reiterated its July 18, 2000 and August 9, 2002 final orders in its purported "nunc pro tunc" entry on November 21, 2007 is inapposite. SeePetition for Inquiry into Certain Practices at paragraph two of the syllabus (noting that even valid nunc pro tunc entries generally are given retrospective application). The trial court's July 18, 2000 order remains intact along with the judgment and awards contained *Page 10 
therein, and the November 21, 2007 order had no impact on that prior, final order.
 {¶ 20} In sum, the Tomasiks had an opportunity to appeal from the trial court's judgment as to the family gift presumption in 2002. They voluntarily forwent their appeal, however, by failing to respond to this Court's show cause order. The time for the Tomasiks' appeal has long since passed. See App. R. 4(A) (providing that parties must file their notice of appeal within thirty days of the judgment or order from which they seek to appeal). Since a timely appeal is a matter of jurisdiction for this Court, we cannot now review the Tomasiks' first assignment of error. See Miller v. Miller, 9th Dist. No. 07CA0068-M, 2008-Ohio-2106, at ¶ 14-16.
 Assignment of Error Number Four "THE PROBATE COURT ERRED IN AWARDING ATTORNEY FEES BASED UPON AN ORIGINAL ACTION FOR DECLARATORY JUDGMENT[.]"
 {¶ 21} In their fourth assignment of error, the Tomasiks argue that the trial court erred in awarding attorney fees to Wertz in Case No. 1998-CV-03008 because R.C. 2721.16 prohibits any award of attorney fees in a declaratory judgment action. Once again, however, we cannot consider the merits of the Tomasiks' argument. The Tomasiks appealed from the trial court's July 18, 2000 judgment entry, which awarded attorney fees (albeit an unspecified amount) to Wertz as Jurkoshek's guardian. In their August 10, 2000 appeal, the Tomasiks only challenged the trial court's application of the family gift presumption and Jurkoshek's competency. They failed to challenge the court's award of attorney fees. While the Tomasiks obviously could not have challenged the amount of unspecified attorney fees to be awarded, they could have raised the argument that Wertz was not entitled to any fees in light of R.C. 2721.16 as they seek to do now. Because they failed to raise this argument in their first direct appeal, they cannot raise it *Page 11 
now. See State ex rel. Mora v. Wilkinson, 105 Ohio St.3d 272,2005-Ohio-1509, at ¶ 13-14 (discussing the doctrine of res judicata). The Tomasiks' fourth assignment of error is overruled.
 Assignment of Error Number Two "THE PROBATE COURT ERRED IN DETERMINING THAT ATTORNEY DENNIS BARTEK WAS COMPETENT TO TESTIFY AS AN EXPERT."
 Assignment of Error Number Three "THE PROBATE COURTS (sic) AWARD OF ATTORNY (sic) FEES IN THE AMOUNT OF $63,860.75 WAS EXCESSIVE AND CONSTITUTED AN ABUSE OF DISCRETION."
 Assignment of Error Number Five "THE TRIAL COURT VIOLATED THE APPELLANTS' DUE PROCESS RIGHTS PURSUANT TO THE [FOURTEENTH] AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION BY CONDUCTING A HEARING, TO WHICH THE APPELLANTS WERE NOT PARTIES AND COULD NOT APPEAL FROM, WHEREIN DAMAGES IN THE FORM OF COUNSEL FEES AND COSTS WERE ESTABLISHED AND THEN TRANSFERRED BY THE TRIAL COURT FOR COLLECTION AGAINST THE APPELLANTS TO A PROCEEDING WHERE THE APPELLANTS WERE PARTIES."
 {¶ 22} In their third assignment of error, the Tomasiks argue that the trial court abused its discretion in awarding excessive attorney fees in the guardianship case. In their second assignment of error, they argue that Attorney Dennis Bartek was not qualified to testify as an expert about the fairness, reasonableness, and necessity of these fees. In their fifth assignment of error, they argue that this award of attorney fees offended their due process rights because they did not have any opportunity to challenge the award.
 {¶ 23} The record reflects that Wertz hired two attorneys to file a conversion action against the Tomasiks in common pleas court and to defend against Martha and Elaine Tomasiks' counterclaims for conversion and breach of fiduciary duty in both the common pleas and probate courts. Since Wertz hired these attorneys, Thomas Mullen and Philip Kaufmann, as a function of *Page 12 
being Jurkoshek's guardian, he sought their attorney fees, as well as his own, in the guardianship case. On January 2, 2001, the trial court awarded the following fees "for the legal work performed for the guardianship" to the attorneys: (1) $15,525.00 to Philip S. Kaufmann; (2) $47,627.75 to Thomas T. Mullen; and (3) $3,708.00 to George R. Wertz. The total attorney fees awarded amounted to $63,860.75.
 {¶ 24} On January 25, 2001, the Tomasiks appealed this award of attorney fees to this Court. This Court dismissed the Tomasiks' appeal by journal entry on June 19, 2001. See In re: Guardianship of Hedwig M.Jurkoshek, 9th Dist. No. 20426, Journal Entry at 938. In our journal entry, we found that the Tomasiks lacked standing to challenge the trial court's award of attorney fees in the guardianship case because: (1) they were never made parties to that case, and (2) they had never been directly ordered to pay the attorney fees. Id. at 936-38. Our review of the record leads us to conclude that this analysis was correct and that the Tomasiks lack standing to appeal from the trial court's award of attorney fees in the guardianship case.
 {¶ 25} Unless a person intervenes in an action to which he or she was not a party, he or she will lack standing to appeal from the court's decision in that action. In re Estate of Markovich, 9th Dist. No. 06CA008868, 2006-Ohio-6064, at ¶ 8-12. "A person has standing to sue only if he or she can demonstrate injury in fact, which requires showing that he or she has suffered or will suffer a specific, judicially redressible injury as a result of the challenged action." Fair Hous.Advocates Assn., Inc. v. Chance, 9th Dist. No. 07CA0016, 2008-Ohio-2603, at ¶ 5, citing Eng. Technicians Assn., Inc. v. Ohio Dept. ofTransp. (1991), 72 Ohio App.3d 106, 110-11. In order to demonstrate an injury in fact, a party must be able to demonstrate that he or she has suffered or will suffer a specific injury traceable to the challenged action that is likely to *Page 13 
be redressed if the court invalidates the action or inaction. In reEstate of York (1999), 133 Ohio App.3d 234, 241.
 {¶ 26} On November 21, 2007, the trial court issued a purported "nunc pro tunc" entry in Case No. 1998-CV-03008. That order: (1) reiterated the July 18, 2000 judgment entry from Case No. 1998-CV-03008; (2) reiterated the post-remand August 9, 2002 order from Case No. 1998-CV-03008, finding that the family gift presumption did not apply to the Tomasiks; (3) set forth the language from court's order in the guardianship case awarding $63,860.75 "for the related attorney fees[;]" (4) "adopted" the court's order for those attorney fees in Case No. 1998-CV-03008; and (5) "assigned" "[a]ll judgments herein" to Jurkoshek's estate case, Case No. 2003-ES-0463. The Tomasiks argue that the trial court clearly ordered them to pay the $63,860.75 in this "nunc pro tunc" order, which "adopt[s]" the guardianship case attorney fees. They further argue that the award of attorney fees in the guardianship case was clearly meant to satisfy the outstanding attorney fees owed in Case No. 1998-CV-03008. In other words, the Tomasiks aver that Wertz purposely recovered the unspecified amount of attorney fees awarded in Case No. 1998-CV-03008 in the guardianship action instead, thereby depriving the Tomasiks, non-parties to the guardianship case, of the opportunity to challenge that award. We need not address the Tomasiks' arguments, however, because we find that the trial court's purported "nunc pro tunc" order to be invalid.
 {¶ 27} As previously mentioned, a trial court only may use a nunc pro tunc order to remedy inaccuracies or defects in matters already decided. See Fisher at ¶ 45; State ex rel. Fogle, 74 Ohio St.3d at 164. If a purported "nunc pro tunc" order decides new issues, it is invalid.National Life Ins. Co., 133 Ohio St. at paragraph three of the syllabus. While it is not entirely clear what the trial court meant by "adopting]" the guardianship case attorney fees in Case *Page 14 
No. 1998-CV-03008 and "assigning]" "[a]ll judgments herein" to the estate case, it is clear that neither of these items were ever previously ordered or "actually decided" in Case No. 1998-CV-03008. The trial court, therefore, exceeded its nunc pro tunc authority by attempting to use that authority to issue an order on matters not already decided. The "nunc pro tunc" order is invalid. See id.
 {¶ 28} In sum, the Tomasiks do not have standing to challenge the award of attorney fees in the guardianship case because they were never parties to that case and were never ordered to pay those attorney fees. Although the trial court awarded undetermined attorney fees in Case No. 1998-CV-03008, Wertz has never sought to recover fees in that case. The trial court's November 21, 2007 "nunc pro tunc" order attempting to adopt or assign the attorney fees from the guardianship case to Case No. 1998-CV-03008 is invalid. Thus, Jurkoshek's estate remains responsible for the payment of the attorney fees awarded in the guardianship case, not the Tomasiks. See In re: Guardianship of Hedwig M. Jurkoshek, 9th Dist. No. 20426, Journal Entry at 938 ("In the instant case, the court did not order [the Tomasiks] to pay the attorney fees. Thus, they have no immediate, pecuniary interest in the outcome of the motion for attorney fees"). They lack standing to appeal as to these attorney fees, and we lack jurisdiction to consider their arguments related to the same. See, generally, In re Estate of Markovich, supra.
 Assignment of Error Number Six "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE APPELLANTS' MOTION TO DISMISS THIS ACTION FOR FAILURE TO PROSECUTE."
 {¶ 29} In their sixth assignment of error, the Tomasiks argue that the trial court erred in denying their motion to dismiss for failure to prosecute. In light of our determination of the previous assignments of error and conclusion that the trial court's November 21, 2007 order is *Page 15 
invalid, the Tomasiks' last assignment of error is moot and we decline to address it. See App. R. 12(A)(1)(c).
 III {¶ 30} The Tomasiks' fourth assignment of error is overruled, and their sixth assignment of error is moot. The remainder of the Tomasiks' appeal is dismissed as this Court lacks jurisdiction to consider it.
Judgment affirmed in part, appeal dismissed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
SLABY, J., MOORE, P. J. CONCUR
[1] Previously, the Tomasiks sought and received additional time within which to file their objections.
[2] While Wertz, and to some extent the Tomasiks, continued to litigate in other matters involving Jurkoshek and her estate, no action was taken in this case, Case No. 1998-CV-03008, until 2007. The other cases the parties continued to litigate were the guardianship case (Case No. GA-1996-09-002), a will contest case that was filed after Jurkoshek's death on March 19, 2002 (Case No. 2003-CV-00145), and an estate case similarly filed after her death (Case No. 2003-ES-0463).
[3] While the trial court's August 9, 2002 order simply referenced the magistrate's findings and decision in several places, the order did finally declare that "[i]t is the finding of the Court that the family gift presumption does not apply." *Page 1