DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, American Trading and Investment Corporation ("American"), appeals from the judgment of the Summit County Court of Common Pleas, awarding $21,016.08 to Plaintiff-Appellee, Twinsburg Town Center ("TTC"). This Court dismisses.
 I {¶ 2} On July 8, 1994, Whitlatch Investment Corporation ("Whitlatch") and American entered into two separate easement agreements. In one of the easements, Easement #8, American acted as the grantor and granted Whitlatch, as the grantee, an easement over its access drive so that Whitlatch could access its facilities from Aurora Road. Easement #8 contained the following provision:
 "[Whitlatch] shall share equally in the cost of maintenance and repair of the drive within the easement area. [Whitlatch] shall indemnify and hold [American] harmless from any and all liability, claims, costs, expenses, actions, or causes of *Page 2 
action whatsoever arising out of [Whitlatch's] exercise of the rights granted by this Access Easement."
In the other easement, Easement #4, Whitlatch acted as the grantor and granted American, as the grantee, an easement over its entryway so that American could access its facilities from Darrow Road. Easement #4 contained the following provision:
 "[American] shall indemnify and hold [Whitlatch] harmless from any and all liability, claims, costs, expenses, actions, or causes of action whatsoever arising out of [American's] exercise of the rights granted by this Access Easement."
Unlike Easement #8, Easement #4 did not contain any additional language to indicate that the parties would "share equally in the cost of maintenance and repair of the drive within the easement area."
 {¶ 3} On May 12, 2004, Whitlatch sent American a fax, which indicated that Whitlatch intended to repave its entranceway, the subject of Easement #4. The fax further indicated that Whitlatch believed American to be contractually obligated to share in repair and snow removal costs pursuant to the parties' easement agreement. Whitlatch's fax estimated the cost of the repaving to be $13,000. On April 20, 2005, Whitlatch sent American a letter indicating that it was ready to go forward with the repaving. The letter further specified that the winter weather caused additional damage to the entranceway and required more paving than initially anticipated. Accordingly, the letter estimated that the cost of the repaving would be $16,822. The letter again reminded American that Whitlatch anticipated receiving one half of its repaving and snow removal costs from American.
 {¶ 4} Whitlatch ultimately sought $21,016.08 from American; half of the $16,822 repaving amount and $8,646.50 in snow removal costs. American refused to pay Whitlatch, claiming that Easement #4 was silent as to the party responsible for the payment of maintenance and repairs. On October 13, 2006, Whitlatch brought suit against American for breach of *Page 3 
contract. Subsequently, Whitlatch assigned all of its interests in the real property at issue in the litigation to TTC, and the trial court permitted TTC to be substituted as the plaintiff in the action against American. The parties agreed to submit the matter to the court on trial briefs and joint stipulations.
 {¶ 5} The trial court determined that TTC was entitled to judgment and found American liable in the amount of $21,016.08. TTC appealed from the court's order, but this Court ultimately dismissed the appeal for lack of a final, appealable order. See Whitlatch Investment Corp. v. AmericanTrading Investment Corp., 9th Dist. No. 23946. The trial court issued a new order on May 9, 2008. On May 20, 2008, however, the trial court issued a nunc pro tunc order, which ordered that the references to Easement #4 in its May 9, 2008 order be changed to refer to Easement #8. Finally, on May 30, 2008, the trial court issued another order vacating its May 20, 2008 nunc pro tunc order.[1] American appeals from the trial court's May 30, 2008 order and raises two assignments of error for our review.
 II Assignment of Error Number One "THE TRIAL COURT'S FINDING THAT DEFENDANT OWED PLAINTIFF $21,016.08 FOR MAINTENANCE AND REPAIRS OVER THE EASEMENT AREA WAS AGAINST THE MANIFEST WIEGHT (sic) OF THE EVIDENCE."
 Assignment of Error Number Two "THE TRIAL COURT'S FINDING THAT DEFENDANT OWED PLAINTIFF $21,016.08 FOR MAINTENANCE AND REPAIRS OVER THE EASEMENT AREA WAS PLAIN ERROR." *Page 4 
 {¶ 6} In its first assignment of error, American argues that the trial court's finding that it owes TTC $21,016.08 is against the manifest weight of the evidence. Specifically, American argues that Easement #4 did not contain any provision indicating that American agreed to share TTC's maintenance and repair costs. In its second assignment of error, American forwards the same argument presented in its first assignment of error and concludes that the trial court's finding amounted to plain error. We cannot consider either argument because American has not timely appealed from the trial court's judgment.
 {¶ 7} The Ohio Supreme Court has explained that:
 "Pursuant to App. R. 3(A) and 4(A), notice of an appeal as of right must be filed with the clerk of the trial court within thirty days of the judgment or final order from which the appeal is taken. * * * Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal. See State, ex rel. Curran, v. Brookes (1943), 142 Ohio St. 107, paragraph seven of the syllabus; Adkins v. Eitel (1966), 8 Ohio St.2d 10." State ex rel. Pendell v. Adams County Bd. of Elections (1988), 40 Ohio St.3d 58, 60.
Because the timeliness of an appeal affects this Court's jurisdiction, we are obligated to raise the issue sua sponte. See Apostolic FaithAssembly, Inc. v. Coventry Twp. Bd. of Trustees, 9th Dist. No. 23938,2008-Ohio-2820, at ¶ 9, quoting App. R. 3(A) (providing that an appellate court has discretion whether to dismiss an appeal based on appellant's failure to take any step other than timely filing his appeal).
 {¶ 8} The trial court issued its final order in this matter on May 9, 2008, but American did not file its notice of appeal until June 27, 2008, forty-nine days later. American argues that the trial court's subsequent nunc pro tunc order and order vacating the nunc pro tunc affected American's substantial rights such that the orders could form the basis for American's timely appeal. Specifically, American argues that its thirty-day timeframe for filing an appeal commenced on May 30, 2008 when the trial court vacated its nunc pro tunc entry. *Page 5 
 {¶ 9} A nunc pro tunc entry does not restart the timeline for the filing of an appeal. It merely corrects or "memorializ[es] what the trial court actually did at an earlier point in time." State v.Stevens (Aug. 2, 1995), 9th Dist. No. 16998, at *4, quoting State v.Greulich (1988), 61 Ohio App.3d 22, 24-25. "Even if a court properly enters a nunc pro tunc pursuant to its inherent authority that order generally will be given retrospective application." Wertz v.Tomasik, 9th Dist. No. 24013, 2008-Ohio-2965, at ¶ 16, citingPetition for Inquiry into Certain Practices (1948), 150 Ohio St. 393, paragraph two of the syllabus (noting that a judgment sometimes may be given effect from the actual date of the nunc pro tunc entry, but generally will be given retrospective operation). Here, American's entire argument attacks the trial court's May 9, 2008 decision. It bears no relation to either the trial court's May 20, 2008 nunc pro tunc order or its May 30, 2008 order vacating the nunc pro tunc order. To challenge the trial court's May 9, 2008 order, American would have had to file its appeal within thirty days of that order. Contrary to American's assertion, neither the trial court's nunc pro tunc order, nor its subsequent order vacating the nunc pro tunc order, extended this thirty day period. See Petition for Inquiry into Certain Practices, 150 Ohio St. at paragraph two of the syllabus. See, also, State ex rel. Durkin v.Ungaro (1988), 39 Ohio St.3d 191, 192 (noting that a motion to vacate cannot be used "as a device to extend the time for perfecting an appeal"). Because American failed to file an appeal within thirty days of the judgment entry it seeks to challenge on appeal, this Court lacks jurisdiction to consider American's arguments and the merits of the trial court's May 9, 2008 decision. State ex rel. Pendell,40 Ohio St.3d at 60.
 III {¶ 10} This Court lacks jurisdiction to consider either of American's assignments of *Page 6 
error because American failed to file a timely appeal. Accordingly, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, P. J. MOORE, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] The trial court apparently issued both the nunc pro tunc order and the order vacating its nunc pro tunc order sua sponte, as neither party filed any intervening motions requesting that the trial court issue these orders. *Page 1