[Cite as *In re D.G.*, 2017-Ohio-4261.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: D.G. | : | APPEAL NOS. C-160515 |
| | | C-160516 |
| | | C-160517 |
| | : | C-160518 |
| | | TRIAL NOS. 14-9637X |
| | | 14-9639X |
| | : | 14-9638X |
| | | 15-1923X |
| | : | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  June 14, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Caitlin J. Burgess* and *Julie Kahrs Nessler*, Assistant Public Defenders, for Appellant D.G.

**MYERS, Judge.**

{¶1} Appellant D.G. has appealed from the trial court's entries overruling his objections to and adopting the magistrate's decisions denying his motion to suppress, and adjudicating him delinquent of violating a court order, menacing, disorderly conduct, and harassment by an inmate. Finding no merit to his three assignments of error, we affirm.

### *Factual and Procedural Background*

{¶2} At approximately 9:15 a.m. on November 5, 2014, D.G. was stopped by Norwood police officer Richard Krummen and placed under arrest for violating Norwood's daytime-curfew ordinance. While being transported in Officer Krummen's cruiser, D.G. spit on Officer Krummen's face, threatened to kill him, and continually kicked the windows of the cruiser.

{¶3} The state filed a complaint alleging that D.G. was a delinquent child because, by violating Norwood's daytime curfew, he had violated a previous court order requiring him to "submit to [the] lawful care, custody, and control of parent, guardian, custodian, and teachers [and to obey all laws]." Additional complaints were filed alleging that D.G. was a delinquent child for committing acts that, if committed by an adult, would have constituted the offenses of menacing, disorderly conduct, and harassment by an inmate.

{¶4} D.G. filed a motion to suppress, arguing that his arrest for a violation of Norwood's daytime-curfew ordinance had not been supported by probable cause because he had been on his way to school at the time that he was stopped by Officer Krummen. D.G. contended that travel to and from school was an exception to the

daytime curfew. Following a hearing, the magistrate denied D.G.'s motion to suppress. The magistrate found that Officer Krummen had probable cause to arrest D.G. for a daytime-curfew violation and determined that the issue of whether D.G. had been on his way to school was a potential defense to the charge that was to be resolved at trial.

{¶5} The case proceeded to trial immediately following the magistrate's denial of D.G.'s motion to suppress. The testimony given during the suppression hearing was incorporated into the trial for the magistrate to consider. D.G. was adjudicated delinquent of all charges. The trial court denied D.G.'s motion to set aside the magistrate's decisions, overruled his objections to the decisions, and adopted the decisions.

### Motion to Suppress

{¶6} In his first assignment of error, D.G. argues that the trial court erred in denying his motion to suppress because his warrantless arrest for a violation of Norwood's daytime-curfew ordinance was not supported by probable cause.

{¶7} Our review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We must accept the trial court's findings of fact if they are supported by competent and credible evidence, but we review de novo the application of the relevant law to those facts. *Id.*

{¶8} Probable cause exists to support a warrantless arrest when "the arresting officer, at the time of the arrest, possess[es] sufficient information that would cause a reasonable and prudent person to believe that a criminal offense has been or is being committed." *State v. Kraus*, 1st Dist. Hamilton Nos. C-070428 and

C-070429, 2008-Ohio-3965, ¶ 16, quoting *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 39.  A probable-cause determination must be based on the totality of the circumstances.  *Id.*

{¶9}    D.G. contends that there was no probable cause to support his arrest for a daytime-curfew violation because he had been on his way to school at the time that he was arrested.  He argues that the trial court erred in concluding that traveling to school was a defense to the daytime-curfew ordinance that should be resolved at trial, rather than at the suppression hearing.

{¶10} The daytime curfew is codified in Norwood Ordinance 531.02.  As relevant to this appeal, the ordinance provides that:

(a)  No minor shall loiter, idle, wander, stroll, play, walk or run in or upon the public streets, parks, public buildings or vacant lots Monday through Friday, between the hours of 8:00 a.m. and 3:00 p.m. of the same day, except as follows:

(1)  To go directly and promptly between the minor's home and the school in which the child is enrolled.

{¶11} Based on the plain language of the statute, we agree with D.G.'s contentions that travel to and from school is an exception to a daytime-curfew violation and that the issue is relevant at a suppression hearing.  But while an officer must consider a minor's statement that she or he is on the way to school when deciding whether a minor has violated the daytime-curfew ordinance, the minor's statement is not dispositive.  An officer is not required to believe a minor's statement, and is not prohibited from determining that a minor is in violation of the daytime curfew solely because the minor has stated that she or he is on the way to

4

school. Rather, the officer must evaluate the minor's statement along with all other circumstances when determining whether to arrest a minor for a violation of the daytime-curfew ordinance.

{¶12} Having determined that the issue of whether D.G. was on his way to school was relevant at the suppression hearing, we now consider whether probable cause existed to arrest D.G. for a violation of the daytime-curfew ordinance. The following evidence was adduced at the suppression hearing and is relevant to a probable-cause analysis. Officer Krummen testified that he had seen D.G. on Rolston Avenue around 7:30 or 7:45 in the morning. Approximately 90 minutes later, around 9:15, Officer Krummen saw D.G. walking northbound on Carthage Avenue and stopped him for a violation of the daytime-curfew ordinance. In response to a question from the officer, D.G. stated that he was 17 years old.

{¶13} This evidence would cause a reasonable and prudent officer to believe that Norwood's daytime-curfew ordinance had been violated. *Kraus*, 1st Dist. Hamilton Nos. C-070428 and C-070429, 2008-Ohio-2965, at ¶ 16. Officer Krummen saw D.G., a minor, on a Norwood street around 9:15, after the daytime curfew had gone into effect for the day and after the school day had begun for many schools. It was reasonable for the officer to believe that D.G. was not going "directly and promptly" between his home and school, despite D.G.'s assertion that he was on his way to Life Skills High School, where he was permitted to arrive any time before 11:00 a.m.

{¶14} The trial court did not err in determining that there was probable cause to arrest D.G. for a violation of the daytime-curfew ordinance. D.G.'s first assignment of error is overruled.

### *Daytime-Curfew Violation*

{¶15} In his second assignment of error, D.G. argues that the trial court erred in adjudicating him delinquent for violating a court order by violating a daytime-curfew ordinance. He argues that the weight of the evidence established that he was on his way to school and, consequently, was not in violation of the daytime-curfew ordinance.

{¶16} When reviewing a challenge to the weight of the evidence, the relevant inquiry is whether, after weighing all evidence and reasonable inferences and considering the credibility of the witnesses, the trier of fact lost its way and committed such a manifest miscarriage of justice that the adjudication must be reversed. *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *In re K.M.*, 1st Dist. Hamilton Nos. C-140764, C-140765 and C-140766, 2015-Ohio-4241, ¶ 17.

{¶17} In addition to the testimony provided during the suppression hearing, Officer Krummen testified at trial that he had searched D.G.'s backpack following his arrest and had found that it did not contain any schoolbooks, but rather held car-washing supplies. During a previous interaction with D.G., D.G. had told Officer Krummen that he washes cars all day at a particular intersection in Norwood.

{¶18} D.G. presented testimony from Katherine Benken, a former administrator at Life Skills Center of Hamilton County. Benken testified that D.G. was enrolled as a student at Life Skills on the day of his arrest. Benken explained that Life Skills is a job outlook recovery high school and that it had two daily sessions: one beginning at 8:00 a.m. and one beginning at 11:00 a.m. She testified that the 11:00 a.m. session ran from 11:00 a.m. until 4:00 p.m. Benken further

explained that the school used a computer-based curriculum so that enrolled students could engage in individual course study, and that it was not necessary for students to bring books to school. Benken did not, however, testify as to D.G.'s attendance in the days leading up to the day of his arrest.

{¶19} The presence of car-washing supplies in D.G.'s backpack, along with Officer Krummen's testimony that D.G. had previously stated that he washes cars all day, supported a determination that D.G. was not on his way to school, but rather planned to participate in car-washing activities. Further, based on the map entered into evidence, D.G. was farther from school when stopped than he had been when Officer Krummen had first seen him that morning. The trial court did not lose its way and commit a manifest miscarriage of justice in finding that D.G. had been in violation of Norwood's daytime-curfew ordinance. *See Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.

{¶20} The second assignment of error is overruled.

### *Menacing*

{¶21} In his third assignment of error, D.G. argues that the trial court erred in adjudicating him delinquent of menacing because the adjudication was not supported by sufficient evidence.

{¶22} In a challenge to the sufficiency of the evidence, this court must view all evidence and reasonable inferences in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶23} Menacing is proscribed by R.C. 2903.22(A), which provides that "[n]o person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶24} Officer Krummen testified that D.G. behaved turbulently after being placed under arrest, spitting on him and stating to the officers, "[t]ake me to fucking jail before I kill you all." D.G. had also stated to the officers "don't let me catch you out of your police car." Officer Krummen was alarmed by D.G.'s behavior and believed that, once released, D.G. would try to cause him harm or kill him. Officer Krummen further testified that at certain times during the arrest he felt that D.G. did not know exactly what he was doing and was acting out of emotion. Officer Krummen explained that he felt that D.G.'s profane tirades and uttering of "the N word" and "the F word" were the product of raw emotion and D.G.'s need to vent. But after hearing D.G. state "fuck yeah, I spit on you, I'll do it again," Officer Krummen believed that D.G. had knowingly been in control of himself and his actions.

{¶25} D.G. first contends that the evidence failed to establish that he had acted knowingly. His contention is without merit. Pursuant to R.C. 2901.22(B), a person acts knowingly "regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." Viewed in the light most favorable to the prosecution, the evidence established that D.G. knowingly threatened Officer Krummen and spat on him.

{¶26} D.G. further contends that the evidence failed to establish that Officer Krummen reasonably believed that D.G. would cause him harm. Again, his

contention has no merit. Officer Krummen specifically testified that he believed D.G. would cause him harm or kill him. The video recording of D.G.'s arrest and transport to a juvenile detention center corroborates Officer Krummen's description of D.G.'s behavior. D.G. continually shouted profanities and threatened Officer Krummen. In light of D.G.'s lengthy profanity-laced tirade, his spitting on Officer Krummen, and his threat to kill the officers, we find that Officer Krummen's belief that D.G. would cause him harm was reasonable.

{¶27} D.G.'s adjudication for menacing was supported by sufficient evidence. The third assignment of error is overruled, and the judgments of the trial court are affirmed.

Judgments affirmed.

**ZAYAS, P.J.,** and **MILLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.