JOURNAL ENTRY AND OPINION.
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Christopher S. Barksdale ("Barksdale"), pro se, appeals the rulings of the Cuyahoga County Court of Common Pleas which granted the appellees' motion to dismiss and denied Barksdale's motion for default judgment as moot. We find no merit to the appeal and affirm.
 {¶ 3} The following facts give rise to this appeal. On July 9, 2002, Barksdale filed a complaint raising a claim of defamation against appellees Murtis H. Taylor Multi Services Center, Sharon Spottsville, and Gina Routen ("appellees"). In his complaint, Barksdale alleged that appellees published a defamatory statement about him on March 24, 1999.
 {¶ 4} Appellees filed a motion for enlargement of time to file responsive pleading on August 22, 2002. The trial court granted the motion to September 18, 2002. On September 18, 2002, appellees filed a motion for more definite statement. In response, Barksdale filed a more definite statement. Subsequently, at a pretrial conference held on September 27, 2002, the trial court denied appellees' motion for a more definite statement and granted appellees leave to answer by October 11, 2002.
 {¶ 5} On October 11, 2002, appellees filed a motion to dismiss, arguing Barksdale's claim was barred by a one-year statute of limitations. Thereafter, on October 15, 2002, Barksdale filed a motion for default judgment.
 {¶ 6} The trial court allowed Barksdale until November 25, 2002 to reply to the motion to dismiss. Barksdale filed a response to the motion to dismiss and a subsequent amendment to his response. Thereafter, the trial court granted appellees' motion to dismiss and denied all other motions as moot, including the motion for default judgment.
 {¶ 7} Barksdale has appealed the trial court's decision raising five assignments of error for our review. Barksdale's first, second and fifth assignments of error provide:
 {¶ 8} "1. The trial court erred in granting [appellees] an enlargement of time to file a responsive pleading * * *."
 {¶ 9} "2. The trial court erred granting the [appellees'] motions for enlargement of time * * *."
 {¶ 10} "5. The trial court erred by denying appellant default judgment * * *."
 {¶ 11} Under these assignments of error, Barksdale challenges the trial court's allowance of additional time for appellees to file a responsive pleading and the denial of Barksdale's motion for default judgment. Barksdale argues that appellees' motion for enlargement of time was made after the twenty-eight day time period for filing an answer and without a showing of excusable neglect. Barksdale also states that the motion does not constitute a responsive pleading.
 {¶ 12} Civ.R. 12(A) requires a defendant to serve his answer within twenty-eight days after service of the summons and complaint upon him. However, after the time period has expired, a defendant may request an extension of time to answer the complaint late. Specifically, Civ.R. 6(B)(2) provides that:
"[U]pon motion made after the expiration of the specified periodpermit the act to be done where the failure to act was the result ofexcusable neglect * * *."
 {¶ 13} A determination under Civ.R. 6(B)(2) rests within sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. State ex rel. Lindenschmidt v.Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 465. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. To determine whether a defendant's conduct constitutes "excusable neglect," all of the surrounding facts and circumstances must be considered, and courts must be mindful of the admonition that cases should be decided on their merits where possible, rather than procedural grounds. Marion Production CreditAssn. v. Cochran (1988), 40 Ohio St.3d 265, 271.
 {¶ 14} In this case, appellees filed a motion for enlargement of time to file a responsive pleading after the expiration of the answer date. In the memorandum in support of the motion, appellees' counsel stated he needed additional time to review the numerous allegations in the complaint and to prepare a responsive pleading because he had been faced with other pressing legal matters, including preparation for and attendance at depositions, arbitration proceedings, and judicial proceedings. Counsel further indicated that a trial schedule had not been set and suggested that an enlargement of time would not prejudice Barksdale. We find that since appellees demonstrated excusable neglect, it was not an abuse of discretion for the trial court to grant appellees' motion and extend the time for filing a responsive pleading. See Baileyv. Ohio DMV, Franklin App. No. 02AP-378, 2002-Ohio-7361.
 {¶ 15} Within the extension period, appellees filed a motion for more definite statement. Pursuant to Civ.R. 12(E), if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before filing his response. After Barksdale filed a more definite statement, the trial court denied appellees' motion and granted leave to answer by October 11, 2002. On that date, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6).
 {¶ 16} Although a motion to dismiss is not a responsive pleading, appellees were permitted to file the motion instead of an answer pursuant to Civ.R. 12. The rule requires that a motion for failure to state a claim upon which relief may be granted "shall be made before pleading if a further pleading is permitted." Civ.R. 12(B). Further, Civ.R. 12(A)(2) alters the time periods for filing a responsive pleading upon the filing of a motion under the rule.
 {¶ 17} Because appellees' motion to dismiss was filed in compliance with the civil rules, we find the trial court did not err in considering the motion. As discussed below, since the trial court properly granted the motion to dismiss, the trial court did not err in denying as moot all remaining motions, including Barksdale's motion for default judgment.
 {¶ 18} Barksdale's first, second and fifth assignments of error are overruled.
 {¶ 19} Barksdale's third and fourth assignments of error state:
 {¶ 20} "3. The trial court erred in ordering the appellant to answer the [appellees'] motion to dismiss * * *."
 {¶ 21} "4. The trial court erred in granting [appellees'] motion to dismiss appellant's complaint * * *."
 {¶ 22} After appellees filed their motion to dismiss, Barksdale was required to respond within ten days (seven days, plus three days for mail service) of the filing of that motion. See Loc.R. 11(C) of the Court of Common Pleas of Cuyahoga County, General Division, and Civ.R. 6(E). Barksdale filed a motion to strike that was denied by the court. Thereafter, the court issued an order allowing Barksdale until November 25, 2002 to file a response. Accordingly, the trial court was not ordering Barksdale to respond to the motion to dismiss, but rather was giving Barksdale additional time to file a response. We find the trial court committed no error.
 {¶ 23} Following the filing of Barksdale's response, the trial court granted appellees' motion to dismiss finding Barksdale failed to commence the lawsuit within the applicable statute of limitations. We review the granting of a Civ.R. 12(B)(6) motion to dismiss on statute of limitations grounds de novo. Livchak v. Logsdon Sons, Inc., Lorain App. No. 01CA007966, 2002-Ohio-5941; See also, Fairview Realty Investorsv. Seaair, Inc., Cuyahoga App. No. 81296, 2002-Ohio-6819. When ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the trial court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
 {¶ 24} In this action, the complaint raises a claim of defamation that is subject to the statute of limitations set forth in R.C. 2305.11(A). The statute provides in relevant part: "An action for libel, slander * * * must be brought within one year after the cause of action accrued * * *." R.C. 2305.11(A). A cause of action for defamation accrues upon the date of publication of the defamatory matter. Reimundv. Brown (Nov. 2, 1995), Franklin App. No. 95APE04-487; Hackney v.Community Journal (Feb. 21, 1995), Clermont App. No. CA94-07-052.
 {¶ 25} In his complaint, Barksdale alleges appellees published the defamatory statements on March 24, 1999. Since this action was not filed until July 9, 2002, it was not brought within one year after the cause of action accrued. Therefore, the trial court did not err in finding the action was barred by the applicable statute of limitations.
 {¶ 26} Insofar as Barksdale attempts to argue that his claim is a medical claim subject to a four-year statute of limitations under R.C.2305.11(B)(2), this argument is without merit. One of the requirements for constituting a medical claim is that it "arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.11(D)(3). Barksdale's claim does not meet this requirement.
 {¶ 27} The claim raised by Barksdale in his complaint is that appellees defamed him by publishing defamatory statements relating to his termination of employment. While the allegations further provide that Barksdale was being accused of malpractice by a client, who had contacted a local news station, and Barksdale responded in a television interview, the complaint does not set forth a medical claim. Indeed, Barksdale's claim does not arise out of "the medical diagnosis, care, or treatment of any person," but rather is based on the alleged dissemination of defamatory statements. Accordingly, the four-year statute of limitations under R.C. 2305.11(B)(2) does not apply.
 {¶ 28} We conclude the trial court did not err in granting appellees' motion to dismiss and denying the remaining motions as moot. Barksdale's third and fourth assignments of error are overruled.
Judgment affirmed.
Colleen Conway Cooney, P.J., and Anthony O. Calabrese, Jr., J.,Concur.