DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellants, Joseph and Gladys Herrera, appeal the judgment of the Lorain County Court of Common Pleas, Probate Division, which denied their motion to dismiss and dissolve proceedings for lack of subject matter jurisdiction. This Court dismisses the appeal for lack of standing.
 I. {¶ 2} Andy Markovich resided and was domiciled in New Jersey at the time of his death, but he owned a parcel of land on Dale Avenue in Lorain, Ohio. His wife predeceased him, but he was survived by three adult children, including Andrew F. Markovich, aka Andrew K. Markovich ("Andrew Jr."). There is no record that Andy Markovich's estate was ever probated or that his Dale Avenue property was ever transferred by deed to any other person.
 {¶ 3} Andrew Jr. paid real estate taxes on the Dale Avenue property until his death in 1992. Andrew Jr. died testate, devising all his real and personal property to his wife Kathleen Markovich ("Kathleen"). Kathleen paid real estate taxes on the property until 1994. The property subsequently went into foreclosure.
 {¶ 4} Appellee, Martin Sogan, a neighbor who owned property adjacent to the lot at issue, paid the back taxes and court costs regarding the Dale Avenue property, and the foreclosure action was dismissed. Appellee sent a demand letter to Kathleen, who refused service of the letter. The demand letter sought repayment of the sums expended by appellee in regard to the Dale Avenue property.
 {¶ 5} On April 12, 2005, appellee filed an application for authority to administer the estate of Andrew Markovich, Sr., aka Andy Markovich, who died intestate in 1977. The probate court issued letters of authority to appellee. Appellee then moved for relief for transfer of real estate, requesting that the probate court transfer the Dale Avenue real estate to appellee-administrator in lieu of repayment by the estate for moneys which appellee expended on the estate's behalf. The probate court granted appellee's motion. Appellee subsequently filed an application for certificate of transfer of the property, which the probate court issued. An amended certificate of transfer was later issued to reflect the specific name under which the real estate was recorded.
 {¶ 6} On September 13, 2005, appellee filed his first and final fiduciary's account, and the probate court scheduled a hearing on account. On October 19, 2005, the probate court issued its entry approving and settling account, finding that the final account and estate had been lawfully administered and discharging the fiduciary. The same day, appellants filed a motion to dismiss and dissolve proceedings for lack of subject matter jurisdiction. Appellee filed a brief in opposition. The probate court denied appellants' motion. Appellants timely appeal, setting forth three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW IN THIS ESTATE PROCEEDING WHEN IT CONCLUDED THAT APPELLANTS WHERE [sic] NOT ENTITLED TO HAVE THE CERTIFICATE OF TRANSFER VACATED."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW IN THIS ESTATE PROCEEDING AND EXCEEDED ITS STATUTORY AUTHORITY WHEN IT ISSUED A CERTIFICATE OF TRANSFER TO THE APPELLEE ADMINISTRATOR IN REIMBURSEMENT OF A CLAIM AGAINST THE INTESTATE DECEDENT'S ESTATE."
 ASSIGNMENT OF ERROR III
"BECAUSE THE PROBATE COURT'S SPECIFIC SUBJECT-MATTER JURISDICTION HAD NOT BEEN PROPERLY INVOKED BY THE APPELLEE, THE COURT ERRED AS A MATTER OF LAW IN NOT DISSOLVING AND VACATING THE ADMINISTRATION PROCEEDINGS CONDUCTED BY THE APPELLEE."
 {¶ 7} Because this Court finds that appellants do not have standing to prosecute this appeal, we must dismiss the appeal.
 {¶ 8} It is well established that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." Marino v. Ortiz (1988), 484 U.S. 301, 304. Furthermore, the Ohio Supreme Court has held that "appeal lies only on behalf of a party aggrieved." Ohio Contract CarriersAssn., Inc. v. Pub. Utils. Comm. (1942), 140 Ohio St. 160, 161. One who claims an interest in the property which is the subject matter of the action must file a motion to intervene in order to become a party to the proceeding. Murphy v. Jones (May 28, 1999), 6th Dist. No. E-98-084.
 {¶ 9} Civ.R. 24(A) provides:
"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 10} Civ.R. 24(C) mandates that:
"A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene."
 {¶ 11} Notwithstanding their assertion in their motion to dismiss that they have standing based on a personal and pecuniary interest in the Dale Avenue property, appellants in this case failed to file a motion to intervene.[1] While they may or may not have an interest in the subject matter of the underlying case, i.e., the administration of a stranger's estate, appellants made no effort to intervene as parties in the underlying case. Even if appellants were somehow real parties in interest in the underlying action, "[m]erely appearing in a proceeding and presenting a brief in support of an argument does not make one a party with a concomitant right to appeal." Murphy, supra, citing Cincinnati v. Kellogg (1950), 153 Ohio St. 291 and Inthe Estate of Landrum (Jan. 31, 1991), 4th Dist. No. 1645. In fact, this Court has said that it is normally error for a trial court to entertain a motion filed by a non-party to the action.State Farm Mut. Ins. Cos. v. Young, 9th Dist. No. 22944,2006-Ohio-3812, at ¶ 12.
 {¶ 12} Because appellants were not parties to the proceedings in the probate court and did not move to intervene in the action below, they have no right or standing to appeal the probate court's order denying their motion to dismiss and dissolve the proceedings. See Murphy, supra. Accordingly, this appeal must be dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Slaby, P.J. Whitmore, J. Concur.
[1] Although this Court need not make such a determination, it is questionable, based on the evidence filed in support of their motion to dismiss, whether appellants have any interest in the real estate. They appended a copy of a quit claim deed, purporting to transfer any interest in the property held by "the Estate of Andy Markovich, by Kathleen Markovich." The property was titled in the name of Andy Markovich, Kathleen's father-in-law. No new deed was ever executed or recorded, transferring an interest in the property to Andrew Markovich, Kathleen's husband. There is no evidence in the record that Kathleen Markovich had any authority to act on behalf of her father-in-law's estate. If she was acting on behalf of her late husband's estate, she could have transferred only the one-third interest in the property which passed to her husband by intestate succession, as Andy Markovich was survived by his son Andrew and two daughters.