DEUTSCHE BANK TRUST COMPANY, Appellee,

v.

BARKSDALE WILLIAMS et al., Appellants.

[Cite as *Deutsche Bank Trust Co. v. Barksdale Williams*, 171 Ohio App.3d 230, 2007-Ohio-1838.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88252.

Decided April 19, 2007.

Christopher S. Barksdale, appellant, pro se.

McCarthy, Lebit, Crystal & Liffman Co. and Kimberly A. Brennan, for appellee.

---

ANN DYKE, Judge.

{¶ 1} Appellant, Christopher S. Barksdale, appeals from the trial court's denial of his motion for relief from judgment or an interim stay of foreclosure. For the reasons set forth below, we dismiss this appeal.

{¶ 2} Plaintiff-appellee, Deutsche Bank Trust Company America, f.k.a. Bankers Trust Company, as trustee, was the holder of a promissory note executed by Jacqueline Barksdale Williams and Perry Williams, a.k.a. Perry Williams Jr. The promissory note was secured by a mortgage on the real estate located at 3451 East 149th Street, Cleveland, Ohio 44120. The mortgage was filed for

record on May 23, 2001, and subsequently assigned to appellee. Sometime thereafter, Barksdale Williams and Williams defaulted under the terms of the mortgage. Consequently, appellee declared the debt due and the mortgage foreclosed.

{¶ 3} On November 17, 2004, appellee instituted an action for foreclosure and reformation of the mortgage against defendants, Barksdale Williams and Williams, jointly and severally. Both Barksdale Williams and Williams failed to answer appellee's complaint. Consequently, appellee filed a motion for default judgment on April 29, 2005. The court scheduled the hearing for January 26, 2006.

{¶ 4} On January 27, 2006, the magistrate issued a decision awarding judgment for appellee and against Barksdale Williams and Williams, jointly and severally, in the amount of $68,050.86 with interest. The trial court adopted the magistrate's decision on March 2, 2006.

{¶ 5} On May 4, 2006, the court issued a notice of the foreclosure sale and approval of the appraisal fee. The court scheduled the foreclosure sale for June 5, 2006.

{¶ 6} On May 12, 2006, appellant filed a motion for relief from judgment or an interim stay of foreclosure. In his motion, appellant argued that his mother, Barksdale Williams, had not conveyed her property rights by quitclaim deed to Williams. Instead, the appellant contended, Williams had obtained a fraudulent conveyance from an ailing Barksdale Williams. Appellant further argued that the trial court lacked jurisdiction to sell the real estate at foreclosure as a result of the filing of the estate of Barksdale Williams. Appellant filed an application for authority to administer the estate on April 21, 2006, more than one month after the entry of default judgment.

{¶ 7} On May 30, 3006, the trial court denied appellant's motion. He now appeals and asserts the following assignments of error for our review.

{¶ 8} "The trial court was incorrect in denying appellant as legal representative and heir of Jacqueline L. Barksdale Williams motion for relief of judgment as a matter of law."

{¶ 9} "I. The trial court committed reversible error by selling 3451 East 149th Street Cleveland, Ohio 44120, the real property at issue was conveyed fraudulently R.C. 1336.04(A), (1)."

{¶ 10} "II. The mortgage used as a basis for sheriff sale 06/05/06 was not acknowledged R.C. 5301.01 by Jacqueline L. Barksdale Williams who held sole tenancy by the entireties until fraudulent conveyance 04/23/01."

{¶ 11} "III. The trial court committed reversible error by allowing the Appellee's defense of lack of knowledge of appellant's allegations, as a basis for denial of relief of judgment."

{¶ 12} We decline to address appellant's assignments of error and dismiss his appeal because he lacks standing to bring the appeal. Ohio law is well settled that in order to have standing to appeal, a person must be able to demonstrate that "he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court." *In re Guardianship of Love* (1969), 19 Ohio St.2d 111, 113, 48 O.O.2d 107, 249 N.E.2d 794. "A future, contingent, or speculative interest is not sufficient to confer standing to appeal." *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals* (2001), 91 Ohio St.3d 174, 177, 743 N.E.2d 894. Furthermore, the party seeking appeal bears the burden of establishing standing. *Jenkins v. Gallipolis* (1998), 128 Ohio App.3d 376, 381, 715 N.E.2d 196.

{¶ 13} Appellant lacks a present interest in the subject matter of the litigation and has not been prejudiced by the lower court's ruling. It is clear to this court that appellant cannot bring this action and recover in his own name. He owned no interest in the real estate and is not charged with possession of it. Therefore, it follows that he had no authority to challenge the foreclosure sale.

{¶ 14} Appellant argues that he is a representative of the estate of Barksdale Williams and therefore has an interest. Appellant, however, did not file his motion for reconsideration or this appeal as such. Instead, he filed in his own name on his own behalf in an attempt to attack the foreclosure sale. In his own assignments of error, appellant seems to assert injuries that appear to be personal to him as an heir, not as the administrator of the estate. Accordingly, appellant did not have a present interest in the foreclosure action and was not prejudiced by the trial court's ruling. Therefore, we dismiss this appeal for lack of standing.

Appeal dismissed.

KILBANE, P.J., concurs.

STEWART, J., dissents.

MELODY J. STEWART, Judge, dissenting.

{¶ 15} I respectfully dissent from the majority's decision to dismiss this appeal. I believe that appellant has standing to bring this appeal and would review it on the merits.

{¶ 16} The majority concludes that appellant owned no interest in the property and therefore had no authority to challenge the foreclosure. It is uncontroverted

that defendant Jacqueline Barksdale Williams had been deceased for nine months prior to plaintiff-appellee Deutsche Bank's filing of the underlying foreclosure action. It has long been established in law that following death, all real estate passes to the heirs. Upon that happening, the next of kin have an immediate beneficial interest in the real estate. *Brownfield v. Home Owners Loan Corp.* (1942), 49 N.E.2d 92, 38 Ohio Law Abs. 30.

{¶ 17} It has been the law in this state for more than 150 years that in an action to foreclose a mortgage brought after the death of the mortgagor, the heirs and devisees of the mortgagor are necessary parties. *Gary v. May* (1847), 16 Ohio 66, 67. The bank filed suit against Barksdale Williams and "the unknown heirs [and] devisees * * * of Jacqueline Barksdale Williams, address unknown." In count two of the complaint, appellee acknowledges that "defendant, the unknown heirs * * * may claim an interest in the above described property." Appellee served the unknown heirs by publication. Appellant, as Barksdale Williams's heir, had an interest in the property and was made a party to the foreclosure action by appellee. Had he known of the action, he could have appeared and defended.

{¶ 18} Appellant raises challenges to the validity of the promissory note, the mortgage, and the quitclaim deed that were the subject of the foreclosure action. The proper time to challenge the existence and extent of mortgages is in the foreclosure action. *Federal Natl. Mtge. Assn. v. Day,* 158 Ohio App.3d 349, 2004-Ohio-4514, 815 N.E.2d 730. The time to raise potential defects with the mortgage instrument is in the foreclosure action. *Bank One Dayton, N.A. v. Ellington* (1995), 105 Ohio App.3d 13, 663 N.E.2d 660. Appellant was unable to do so because he had no knowledge of the foreclosure action until two weeks after entry of the default judgment. Therefore, it was proper for him to file a Civ.R. 60(B) motion for relief from the default judgment against him. See *Guardian Alarm Co. v. Mahmoud* (2006), 166 Ohio App.3d 51, 849 N.E.2d 58.

{¶ 19} The death of Barksdale Williams gave appellant an immediate and beneficial interest in the property. The default judgment extinguished that interest and forever barred appellant from asserting any right, title, or interest in the property. Having demonstrated a present interest in the subject matter and prejudice from the judgment of the trial court, appellant has met the burden of establishing standing to appeal the denial of his Civ.R. 60(B) motion.

{¶ 20} For the above-stated reasons, I respectfully dissent from the majority's decision to dismiss this appeal. This court should consider the merits of appellant's assignments of error, as I believe he is properly before us.