OHIO DEPARTMENT OF TAXATION, Appellee,

v.

LOMAZ, Appellant.

[Cite as *Ohio Dept. of Taxation v. Lomaz*, 177 Ohio App.3d 284, 2008-Ohio-3733.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2007–P–0100.

Decided July 25, 2008.

Nancy H. Rogers, Attorney General, and Donn D. Rosenblum, Assistant Attorney General, for appellee.

Scott H. Kahn and Thomas M. Horowitz, for appellant.

David C. Tryon and Rebecca K. Fisher, for intervenor-appellee, Huntington National Bank.

Stanley E. Stein, receiver, pro se.

TIMOTHY P. CANNON, Judge.

{¶ 1} This appeal is presently before this court for consideration of the motion to dismiss of appellee, the Ohio Department of Taxation. As the primary basis for its motion, appellee submits that the instant matter cannot go forward because appellant, Larry D. Lomaz, lacks proper standing to contest the merits of the trial court's decision concerning the distribution of certain funds. For the following reasons, we hold that the dismissal of the appeal is warranted.

{¶ 2} The trial docket before this court shows that the underlying civil action has been pending since July 1998, when appellee filed a creditor's bill against appellant. In its complaint, appellee asserted that it had not been able to collect on a judgment lien that it had obtained against appellant in March 1995. According to appellee, it could not recover on the debt because appellant had been unwilling to disclose the nature of his financial assets. Before the trial court could proceed on appellee's claim, a second creditor, Huntington National Bank, was allowed to intervene and file a new complaint regarding a separate debt.

{¶ 3} Ultimately, in September 2002, the trial court ordered the appointment of a receiver to determine the extent of appellant's assets, including the assets of his various fireworks companies, and take all necessary steps to liquidate those items so that the resulting funds could be paid on the existing debts. However, before the receiver could complete the process, appellant filed for bankruptcy on behalf of himself and two of his companies.

{¶ 4} In April 2007, the trial court conducted a status conference in the action for the purpose of determining whether any progress had been made in the bankruptcy proceedings and whether the bankruptcy stays were still in effect. Approximately two months following the conference, the trial court issued a judgment in which it expressly dismissed appellant as a party to the case. As the grounds for this ruling, the trial court found that during the conference, appellant had agreed to dismiss any pending claim he had brought against the other parties and to also release any right he might have in the proceeds from the receiver's sale of the fireworks inventory. In addition, the court's new judgment dismissed appellee's complaint against appellant. Finally, in relation to the need for further proceedings in the underlying action, the new judgment contained this paragraph:

{¶ 5} "This Court further retains jurisdiction over the funds collected by Receiver Stanley Stein, if said funds are returned to the Receiver from Bankruptcy Trustee David Simon, for purposes of reviewing and approving the Receiver's fees, distributing the funds to the State of Ohio Fire Marshal for providing Court ordered security for the fireworks inventory prior to the Receiver's sale, for payment of the underlying sales taxes of Defendant Larry Lomaz due to the State of Ohio Department of Taxation and for payment of any other claims asserted against such funds, including the claim of The Huntington National Bank, in their proper priority."

{¶ 6} The foregoing judgment was journalized on June 25, 2007. Appellee then filed an appeal from that judgment in 11th Dist. No. 2007–P–0057. Almost immediately, appellant Lomaz, who was the "appellee" in the prior appeal, moved to dismiss on the basis that the June 25, 2007 judgment did not constitute a final order. On August 17, 2007, this court rendered our own judgment in which we rejected Lomaz's argument and held that the trial court's determination had been appealable. Nevertheless, after this court had remanded the case to the trial court for additional proceedings, appellee submitted a notice of dismissal in regard to 11th Dist. No. 2007–P–0057. Thus, the determination to dismiss appellant Lomaz as a party was never reversed.

{¶ 7} During the course of the aforementioned remand, the trial court released a new judgment on October 10, 2007. At the outset of this new entry, the trial court noted that the federal bankruptcy court had recently remitted the amount of $122,245.36 to the court-appointed receiver for final distribution. The new judgment then set forth a series of orders concerning the distribution of the funds. In regard to appellee, the trial court ordered that even though appellant owed the sum of $93,588.59, appellee could be given only $29,725.73. The smallness of this award was due to the fact that the majority of the funds, $77,939.74, had to be paid to the Ohio State Fire Marshal so that the state could be reimbursed for protecting the fireworks inventory until the sale of the items

had been completed. Finally, the new judgment stated that once the funds had been paid in accordance with the court's orders, the receivership would terminate.

{¶ 8} Within days after the earlier appeal from the June 25, 2007 judgment had been dismissed, appellant initiated the instant appeal from the new judgment of October 10, 2007. In his notice of appeal, appellant indicated that he intended to challenge the manner in which the "debt" to the Ohio State Fire Marshal had been given priority over the debt to appellee.

{¶ 9} In now moving for the dismissal of this latest appeal, appellee asserts that appellant lacks the requisite standing to proceed because he was no longer a party to the underlying action when the appealed judgment was released. In essence, appellee submits that when appellant expressly requested the trial court to dismiss him from the case during the April 2007 conference, he waived his ability to contest the subsequent distribution of the funds generated by the receiver.

{¶ 10} Our review of the trial record in this matter confirms appellee's assertions as to the status of appellant at the time the October 10, 2007 judgment was rendered by the trial court. As was noted above, as part of the June 25, 2007 judgment, the trial court specifically stated that appellant had not only "agreed" to dismiss all claims that he had asserted during the case, but he had also "agreed" to release any right or claim he might have in relation to the proceeds of the fireworks inventory. That judgment also contained a separate order that dismissed appellee's complaint against appellant. In addition, our review of that judgment indicates that it did not have any language stating that appellant had reserved the right to challenge the future distribution of the proceeds once the bankruptcy proceedings had ended. Accordingly, the June 25, 2007 judgment clearly had the effect of dismissing appellant as a party to the underlying case for all purposes.

{¶ 11} Furthermore, this court would again note that as part of our own judgment in 11th Dist. No. 2005–P–0057, we expressly held that the June 25, 2007 judgment of the trial court constituted a final, appealable order under R.C. 2505.02(B). As a result, if appellant concluded that the trial court had erred in describing the specific nature of the "agreement" that had been reached during the April 2007 conference, he could only challenge the substance of the June 25, 2007 judgment by submitting a timely notice of appeal regarding that judgment. Since appellant never sought to bring an appeal from that particular judgment, the fact that he has been dismissed from the underlying case is now binding for purposes of all subsequent proceedings in the matter.

{¶ 12} In responding to the motion to dismiss, appellant maintains that during the April 2007 conference, the trial court and appellee never stated that

part of the proceeds generated by the receiver would be distributed to the state fire marshal. In light of this, he argues that he still should be allowed to appeal the distribution, because he would not have agreed to be dismissed if he had known that the majority of the funds would not be given to appellee. However, as this court has already indicated in this opinion, the June 25, 2007 judgment stated that the trial court was retaining jurisdiction to distribute, inter alia, "the funds to the State of Ohio Fire Marshal for providing Court ordered security for the fireworks inventory prior to the Receiver's sale, * * *." Because this language was sufficient to place appellant on notice of the possibility of a distribution to the state fire marshal, he had the ability to immediately appeal that aspect of the disputed judgment before his dismissal from the case became final. Appellant cannot now attempt to use an appeal from a subsequent judgment as a means of "revisiting" the substance of the June 25, 2007 judgment, especially when he is no longer a party to the entire case.

{¶ 13} As a general proposition, an individual has standing to pursue an appeal of a final judgment when (1) he has a present interest in the basic subject matter of the underlying case and (2) his interest in the matter has been prejudiced by the holding of the trial court. *Deutsche Bank Trust Co. v. Williams*, 171 Ohio App.3d 230, 2007-Ohio-1838, 870 N.E.2d 232, at ¶ 12. In following the foregoing principle, the courts of this state have held that a person must be an actual party to the case in order to have standing to appeal from an adverse judgment. See *In re Estate of Markovich*, 9th Dist. No. 06CA008868, 2006-Ohio-6064, 2006 WL 3345155; *Murphy v. Jones* (May 28, 1999), 6th Dist. No. E–98–084, 1999 WL 334506. Although not expressly stated in either of the foregoing opinions, it is apparent that the holding in both is predicated upon the proposition that a person who is not an actual party does not have the requisite interest in the underlying case to have proper standing to appeal.

{¶ 14} In the instant matter, even though appellant had been a party to the underlying case during the majority of its pendency, he had been entirely dismissed from the case by the time the October 10, 2007 judgment was rendered. Thus, pursuant to the foregoing authority, appellant cannot challenge the final merits of that judgment because he does not have the requisite standing to maintain this appeal.

{¶ 15} Appellee's motion to dismiss is granted. It is the order of this court that the instant appeal is hereby dismissed for lack of standing.

Judgment accordingly.

GRENDELL, P.J., and O'TOOLE, J., concur.