{¶ 1} This appeal is before the court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Plaintiff-appellant, Estate of Jacqueline Barksdale Williams ("Estate"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, Deutsche Bank Trust Company America, f.k.a. Bankers Trust Company ("the bank"). Finding no merit to the appeal, we affirm.
 The Foreclosure Action {¶ 3} In 2004, the bank filed a foreclosure action against Jacqueline Barksdale Williams ("Barksdale Williams") and Perry Williams ("Williams") involving property located at 3451 East 149th Street in Cleveland.
 {¶ 4} Neither Barksdale Williams nor Williams filed an answer or otherwise responded to the complaint. The bank filed a motion for default judgment and the court scheduled a hearing on the motion. The magistrate issued its decision awarding judgment for the bank. The trial court adopted the magistrate's decision and issued a notice of the foreclosure sale. *Page 4 
 {¶ 5} Shortly thereafter, Barksdale Williams' son, Christopher Barksdale ("Barksdale"), filed a motion titled "motion for relief from judgment or interim stay of foreclosure" in the foreclosure action. In his motion, Barksdale argued that his mother did not convey her property rights via quitclaim deed to Williams; rather Williams obtained a fraudulent conveyance from the ailing Barksdale Williams. Barksdale further claimed that the trial court lacked jurisdiction to sell the property at foreclosure due to the filing of the Estate of Barksdale Williams.[1]
 {¶ 6} The trial court denied his motion, and Barksdale appealed to this court. In Deutsche Bank Trust Co. v. Barksdale Williams,171 Ohio App. 3d 230, 2007-Ohio-1838, 870 N.E.2d 232, we dismissed his appeal, finding that he lacked standing, because he owned no interest in the real estate and was not charged with possession of it. Therefore, he had no standing to appeal the foreclosure sale in his own name. Id. at ¶ 12-14.[2]
 {¶ 7} The bank then requested that the trial court confirm the sheriffs sale.[3] The trial court granted the motion to confirm the sale, issuing a decree of *Page 5 
confirmation. Barksdale, neither on his own behalf nor as representative of his mother's estate, appealed the trial court's decision to confirm the sale. Instead, on December 31, 2007, he filed a motion in his mother's name to stay the eviction in the original foreclosure action. The trial court denied his motion.
 The Instant Case {¶ 8} Barksdale, representing himself as the "sole beneficiary and as heir, devisee, executor or administrator of the Estate" filed a separate complaint with the trial court on November 30, 2007. In his complaint, titled "Complaint for recovery [sic] of real estate from adverse possession caused by fraudulent contract and demand for jury trial," he again sought to challenge the foreclosure action.
 {¶ 9} The bank filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing res judicata barred the complaint. The Estate filed a motion for default judgment, as well as a seven-page opposition to the bank's motion. The trial court denied the Estate's motion for default judgment and granted the bank's motion for summary judgment.
 {¶ 10} The Estate appeals, raising two assignments of error for our review.
 {¶ 11} In the first assignment of error, the Estate argues that the trial court erred in denying its motion for default judgment. *Page 6 
 {¶ 12} In its motion, the Estate argued that the bank filed its response to the complaint one day late and, thus, it was untimely. The bank responded that it had not been served at the correct address, but became aware of the lawsuit after service on the bank's counsel.
 {¶ 13} Although a motion to dismiss is not a responsive pleading, the bank was permitted to file the motion instead of an answer pursuant to Civ. R. 12. The rule requires that a motion for failure to state a claim upon which relief may be granted "shall be made before pleading if a further pleading is permitted." Civ. R. 12(B). Barksdale v. Murtis H.Taylor Multi Serv. Ctr., Cuyahoga App. No. 82540, 2003-Ohio-5653, ¶ 16. Further, Civ. R. 12(A)(2) alters the time period for filing a responsive pleading once a motion is filed under the rule. Id.
 {¶ 14} And, although res judicata is not properly raised through a motion to dismiss, it may be raised in a motion for summary judgment even when no answer has been filed. Intl. EPDM Rubber Roofing Systems,Inc. v. GRE Ins. Group, Sixth Dist. App. No. L-00-1293, 2001 Ohio App. LEXIS 2011.
 {¶ 15} Civ. R. 12(A)(1) provides that a defendant must answer within 28 days after service of the summons and complaint. Pursuant to Civ. R. 6(B)(2), however, a trial court may, within its discretion, permit a tardy filing. State ex rel. Lindenschmidt v. Butler Cty. Bd. ofCommrs., 72 Ohio St.3d 464, 465, 1995-Ohio-49, 650 N.E.2d 1343. We have said that a trial court does not necessarily *Page 7 
abuse its discretion when it permits a tardy filing even if a party has not provided an explicit reason for delay unless the other party is prejudiced by the delay. White v. Belcher, Cuyahoga App. No. 84214,2004-Ohio-5873; Howland v. Lyons, Cuyahoga App. No. 77870, 2002-Ohio-982; Zimmerly v. Cleveland Clinic Foundation (July 30, 1998), Cuyahoga App. No. 73104.
 {¶ 16} The complaint was served on counsel on December 13, 2007; thus, the answer was due was January 10, 2008, the same day the bank filed its motion to dismiss, or in the alternative, motion for summary judgment. In this case, there was a legitimate issue whether service was perfected on the bank, as was explained to the court in the bank's response to the motion. Even if the bank's response was a day late, the Estate has made no showing, nor even an allegation, of prejudice by the delay. Thus, we find that the trial court did not abuse its discretion in overruling the motion for default judgment.
 {¶ 17} Therefore, the first assignment of error is overruled.
 {¶ 18} In the second assignment of error, the Estate argues that the trial court erred in granting the bank's motion for summary judgment.
 {¶ 19} The Ohio Supreme Court has established that summary judgment under Civ. R. 56 is proper when:
 {¶ 20} "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it *Page 8 
appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." State ex rel. Parsons v.Fleming, 68 Ohio St.3d 509, 511, 1994-Ohio-172, 628 N.E.2d 1377;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 21} The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp.v. Catrett (1986), 477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Any doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138. There is no issue for trial, however, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242,249-250, 91 L.Ed.2d 202, 106 S.Ct. 2505.
 {¶ 22} In its brief, the Estate alleges that the quitclaim deed executed by Barksdale Williams and the subsequent mortgage executed by Barksdale Williams and Williams are invalid and the bank's use of these instruments to initiate the foreclosure action was improper. The Estate further alleges that Barksdale has suffered "economic loss of property" by the execution of the promissory note and *Page 9 
mortgage. Finally, the Estate argues that Barksdale is entitled to possession of the house.
 {¶ 23} The bank responds that the claims made by the Estate and Barksdale are barred by the doctrine of res judicata. We agree.
 {¶ 24} Res judicata precludes relitigating a point of law or fact that was at issue in a former action involving the same parties and decided by a court of competent jurisdiction. State ex rel. Kroger Co. v. Indus.Comm., 80 Ohio St.3d 649, 651, 1998-Ohio-174, 687 N.E.2d 768. The doctrine bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject of the previous action if a valid, final judgment rendered upon the merits exists.Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits. Omlin v.Kaufmann Cumberland Co., L.P.A., Cuyahoga App. No. 82248, 2003-Ohio-4069, citing, Horne v.Woolever (1959), 170 Ohio St. 178,163 N.E.2d 378.
 {¶ 25} We find that the new claims share all three elements with the original foreclosure action. Although Barksdale argues that he was not a "party" to the original foreclosure action, the record reflects that he was a very active participant in the original action and had ample opportunity to intervene or move to substitute the Estate as a party in the foreclosure action. We previously determined that he lacked *Page 10 
standing to challenge the foreclosure action because he had not filed his motion as the representative of the Estate. Thus, to the extent that Barksdale himself now seeks to challenge the foreclosure sale in a collateral proceeding, he is barred by our previous decision inDeutsche Bank Trust Co. v. Barksdale Williams.
 {¶ 26} To the extent that the Estate seeks to challenge the foreclosure sale, it is barred by res judicata. At any time during the pendency of the foreclosure action, Barksdale could have entered an appearance as the administrator of the Estate or moved to intervene as an heir. The claims presented in the instant action could have been litigated in the foreclosure action. Both the foreclosure action and the instant action involve the same operative facts. Thus, the Estate's failure to assert its claims in the original foreclosure action bar the Estate from litigating the claims in this action. Moreover, the trial court entered a decree of confirmation in October 2007, long after Barksdale had applied to administer the Estate. That decree was never appealed. The Estate is barred from "bootstrapping," or trying to use the instant action as a means to circumvent the appeals process. SeeChapon v. Standard Contracting Eng., Cuyahoga App. No. 88959,2007-Ohio-4306.
 {¶ 27} Furthermore, this court recently held in a closely analogous case that a separate action to quiet title does not lie to challenge a final judgment in a foreclosure action. Bates v. Postulate, Cuyahoga App. No. 90099, 2008-Ohio-2815. Bates, just like Barksdale, was aware of the foreclosure action, and took no steps to *Page 11 
intervene as a party. Thus, the doctrine of lis pendens barred the collateral attack on the final judgment in the foreclosure action. See R.C. 2703.26.
 {¶ 28} The compelling arguments raised by the dissent might have merit if: 1) Barksdale had made any of these arguments, and 2) brought an appeal of the foreclosure action as the representative of the Estate, as we stated in his prior appeal.[4] He had at least 18 months to do so in the foreclosure action.
 {¶ 29} Therefore, we find that the trial court correctly granted summary judgment. The second assignment of error is overruled.
Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the
 common pleas court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS;
CHRISTINE T. McMONAGLE, J., DISSENTS.
(SEE ATTACHED DISSENTING OPINION.)
[1] Barksdale filed an application for authority to administer the estate on April 21, 2006, more than one month after the entry of default judgment. He never filed a suggestion of death, a motion to substitute the Estate as a party in the foreclosure case, nor a motion to intervene as an heir or "interested party."
[2] Barksdale never sought to appeal our decision to the Ohio Supreme Court.
[3] The sale had occurred, but had not been confirmed due to Barksdale's appeal.
[4] Nowhere in the Estate's 15-page appellate brief does it argue that the bank should have substituted the Estate in the foreclosure action or that failure of service rendered the foreclosure judgment void.