{¶ 30} Respectfully, I dissent.
The Foreclosure Action
 {¶ 31} On November 17, 2004, Deutsche Bank Trust Co. filed a foreclosure action against Jacqueline Barksdale Williams, et al., in the common pleas court. (Case No. CV-547780.) At the time of that filing, Ms. Williams had been dead for nine months. See Deutsche Bank Trust Co.v. Williams, 171 Ohio App.3d 230, 2007-Ohio-1838, 870 N.E.2d 232
(Stewart, J., dissenting, at ¶ 16).[5] Not surprisingly, the attempted certified mail service on the deceased Ms. Williams was returned "unclaimed." On January 21, 2005, the complaint and summons was sent via ordinary mail to the deceased's address. *Page 13 
 {¶ 32} On April 29, 2005, the Bank moved for default. The default hearing was set for January 26, 2006 before a magistrate. The magistrate rendered a decision on January 27, 2006, and on March 2, 2006, the court adopted the magistrate's decision, ordered judgment for plaintiff and against defendants Ms. Williams and Perry Williams, jointly and severally, for $68,050.86, and awarded the Bank a decree of foreclosure. At no time did the Bank move to substitute the estate of Ms. Williams for Ms. Williams.
 {¶ 33} On May 12, 2006, before the house was sold in sheriffs sale, Christopher Barksdale (son of the deceased Ms. Williams) filed a motion for relief from judgment pro se, essentially arguing that the mortgage that was foreclosed upon was fraudulent and that his mother was dead. The Bank requested an extension of time to respond to Mr. Barksdale's motion. The court, however, immediately denied Mr. Barksdale's motion without opinion, and denied the Bank's request for extension of time to reply to Mr. Barksdale's motion as moot. Mr. Barksdale appealed and this court dismissed the appeal, saying he had no standing. Deutsche BankTrust Co., supra.
 {¶ 34} After the dismissal of the appeal, Mr. Barksdale requested reconsideration of the ruling on his motion for relief from judgment, which the trial court denied. Notice of the ruling was sent to the deceased Ms. Williams; the docket ironically states that the postcard notifying her was returned "for *Page 14 
failure of service due to forwarding time expired."[6] Thereafter, the sale was confirmed, service and notice were continued to be made upon the deceased Ms. Williams, her son continued to object, and the court continued to ignore his objections.
This Case
 {¶ 35} On November 30, 2007, Christopher Barksdale (now administrator of his mother's estate) filed a complaint in common pleas court against the Bank for return of the real estate wrongfully taken. He obtained service on the Bank and on December 14, 2007 filed a motion for stay of eviction. The Bank responded on December 24, 2007, and the trial court denied the motion, without opinion, on January 2, 2008. On January 10, 2008, Christopher Barksdale requested an injunction and restraining order which, without response from the Bank, was denied without opinion by the court on January 30, 2008. The Bank failed to answer Mr. Barksdale's complaint by January 8, 2008 (i.e., 28 days from service) and on January 10, 2008, the Estate moved for default. That same day (i.e., January 10, 2008), the Bank moved for dismissal or for summary judgment. At no time did the Bank file an answer or request leave tofile an answer to Barksdale's complaint. *Page 15 
 {¶ 36} Nonetheless, despite the fact that, to date, the Bank hasnever filed
an answer in this case, the trial court denied the Estate's motion for default on January 18, 2008. Moreover, despite the fact that the Bank has never filed an answer in this case, the court granted the Bank summary judgment as follows:" [m]otion for summary judgment is granted. The court having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that defendant Deutsche Bank Trust Company Americas [sic], is entitled to judgment as a matter of law." It is from this judgment that the Estate now appeals.
Law and Analysis
 {¶ 37} The majority opinion essentially states that the judgment in the foreclosure action acts as res judicata to the instant action. But the majority ignores the following pertinent law:
 {¶ 38} "It is accepted law that an action may only be brought against a party who actually or legally exists and has the capacity to be sued. Because a party must actually or legally exist `one deceased cannot be a party to an action,' and a suit brought against a dead person is a nullity." Barker v. McKnight (1983), 4 Ohio St. 3d 125, 127,447 N.E.2d 104. (Internal citations omitted.) *Page 16 
 {¶ 39} In Wells v. Michael, 10th Dist. No. 05AP-1353,2006-Ohio-5871, a motorist who hit an injured party died before being sued. The court held that the injured party's complaint was not "commenced or attempted to be commenced" under R.C. 2305.19, as service was attempted against a dead person. The court held that "where the plaintiff has named as the defendant a person who died prior to the commencement of the action, the plaintiff must substitute the estate of the decedent for the deceased party and has, under Civ. R. 3(A), one year from the filing of the complaint to properly serve the estate in order to commence the action."[7] Id. at ¶ 11, citing Korn v. Mackey, 2nd Dist. No. 20727, 2005-Ohio-2768, at ¶ 14. (Emphasis added.)
 {¶ 40} In Noetzel v. Hudson (Oct. 25, 2001), 8th Dist. No. 79085, this court similarly held that the affirmative duty to open an estate in circumstances such as we have here is not upon Mr. Barksdale. Id. at 6-7. While it is clear from both the Bank's and Mr. Barksdale's pleadings that the Bank was on notice of Ms. Williams' death, it did nothing whatsoever to substitute her estate in the foreclosure case, despite its duty to do so. *Page 17 
 {¶ 41} What then of the defective judgment in the foreclosure case? Generally, failure of service renders any resulting judgment void.Keathley v. Bledsoe (Feb. 7, 2001), 9th App. No. 19988.
 {¶ 42} In Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61,133 N.E.2d 606, the Ohio Supreme Court resolved most of the issues raised here:
For a court to acquire jurisdiction, there must be proper service of summons or an entry of appearance, and a judgment rendered without this is null and void;
 1. The filing of a motion to vacate is not an entry of appearance;
 2. A judgment based upon such faulty service is void ab initio; and
 3. A sale of real property pursuant to such a judgment is invalid and will be set aside even though such property is in the hands of a third person who is a purchaser in good faith.
 {¶ 43} Finally, in response to the majority's conclusion that the unappealed, albeit void, judgment in the foreclosure case is res judicata in the instant case, State v. Simpkins, 117 Ohio St. 3d 420,2008-Ohio-1197, 884 N.E.2d 568, states:
 {¶ 44} "Although res judicata applies to a voidable sentence [or judgment] and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence [or judgment], res judicata has not been applied to cases in which the sentence [or judgment] was void. Where no statutory authority exists to support a judgment, *Page 18 
res judicata does not act to bar a trial court from correcting the error." (Citations omitted.) Id. at 426.
 {¶ 45} Accordingly, I would hold that Christopher Barksdale, as administrator of the Estate of Jacqueline L. Barksdale Williams, has stated a valid claim against Deutsche Bank on behalf of his mother's estate. The trial court's order of summary judgment should be reversed, as should the trial court's ruling upon the estate's motion for default, and this matter should be remanded to the trial court for further proceedings.
[5] Ms. Barksdale Williams' death was obviously known to the Bank, as they named, in addition to the Williamses, the Estate Tax Division for the State of Ohio and the "unknown heirs of Jacqueline Barksdale Williams."
[6] As had Ms. Williams.
[7] As this Complaint was filed November 17, 2004 and to date, no claim has been presented against the estate, suit has not been commenced within one year. *Page 1