OPINION
{¶ 1} Timothy M. Glass, appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court appointed a receiver over property owned by LNG Resources, LLC ("LNG"), defendant-appellee. Eaton National Bank *Page 2 
Trust Co. ("Eaton"), plaintiff-appellee, has filed a motion to dismiss appellant's appeal on the basis that Glass lacks standing to appeal.
 {¶ 2} LNG owns the Eaton Gardens apartment complex ("the apartments"). Glass apparently is the president of TNCI, Inc. ("TNCI"), which he claims is the property manager for the apartments. On November 9 and December 14, 2005, LNG executed two commercial notes, with Eaton being the holder of the notes. Glass and Lawrence Newman signed the notes individually. The notes were secured by two mortgages, with LNG as the sole mortgagor for both. LNG defaulted under the terms of the notes and mortgages, and Eaton eventually obtained a cognovit judgment against LNG on January 28, 2008. LNG failed to pay the amounts due under the judgment.
 {¶ 3} On May 5, 2008, Eaton filed a foreclosure action against LNG. Also named as defendants were Heartland Bank, CFBank, and the Franklin County Treasurer. Eaton also moved for an appointment of a receiver, pursuant to R.C. 2735.01, claiming its security interest in the apartments was under threat due to deterioration and waste. On June 26, 2008, the trial court granted Eaton's motion and entered an order appointing a receiver of the apartments. The order included a provision enjoining several specifically named persons, including Glass, from disturbing the possession of the receiver, from prosecuting any actions which adversely affect the property, from entering the property or from having contact with any current or future tenants of the property. Glass appeals the judgment of the trial court, asserting the following six assignments of error:
 [I.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE RECEIVER TO BE APPOINTED WITHOUT A BOND. *Page 3 
 [II] THE TRIAL COURT ABUSED ITS DISCRETION IN DIRECTING THE EXTRAORDINARY REMEDY OF A RECEIVER BY NOT TAKING INTO ACCOUNT ALL THE CIRCUMSTANCES AND FACTS OF THE CASE, THE PRESENCE OF CONDITIONS AND GROUNDS JUSTIFYING THE RELIEF, THE ENDS OF JUSTICE, THE RIGHTS OF ALL PARTIES INTERESTED IN THE CONTROVERSY AND SUBJECT MATTER, AND THE ADEQUACY AND EFFECTIVENESS OF OTHER REMEDIES.
 [III] THE TRIAL COURT ABUSED ITS DISCRETION IN DIRECTING THE EXTRAORDINARY REMEDY OF A RECEIVER WITHOUT MAKING ESSENTIAL DETERMINATIONS ON THE BASIS OF AN ERRONEOUS STANDARD OF PROOF AND WITH A RECORD DEVOID OF EVIDENCE REQUIRED BY LAW FOR THE APPOINTMENT OF A RECEIVER.
 [IV] THE TRIAL COURT ERRED IN ALLOWING THE RECEIVER TO SEIZE OTHER ASSETS OUTSIDE OF THE PROPERTY FOR WHICH IT WAS REQUESTING THE APPOINTMENT OF A RECEIVER, THEREBY ALLOWING IT TO ACT AS A GENERAL RECEIVER INSTEAD OF A PROPERTY RECEIVER.
 [V] THE TRIAL COURT ERRED IN ALLOWING THE RECEIVER TO AUTOMATICALLY EFFECT A SELF HELP EVICTION ON THE CURRENT MANAGEMENT COMPANY THAT WAS IN PLACE.
 [VI] THE TRIAL COURT ERRED IN ALLOWING A RESTRAINING ORDER AGAINST DEFENDANT-APPELLANT TIMOTHY GLASS WITHOUT A HEARING ON SUCH ORDER.
 {¶ 4} We first address Eaton's motion to dismiss. Eaton asserts that Glass does not have standing to appeal the judgment of the trial court. We agree. As a general proposition, an individual has standing to pursue an appeal of a final judgment when: (1) he has a present interest in the basic subject matter of the underlying case, and (2) his interest in the matter has been prejudiced by the holding of the trial court.Deutsche Bank *Page 4 Trust Co. v. Barkdale Williams, 171 Ohio App.3d 230, 2007-Ohio-1838, ¶ 12. However, in following the foregoing principle, the courts of this state have held that a person must be an actual party to the case in order to have standing to appeal from an adverse judgment. Ohio Dept. ofTaxation v. Lomaz, 177 Ohio App.3d 284, 2008-Ohio-3733, ¶ 13, citingIn re Estate of Markovich, 9th Dist. No. 06CA008868, 2006-Ohio-6064, andMurphy v. Jones (May 28, 1999), 6th Dist. No. E-98-084. A person who is not an actual party does not have the requisite interest in the underlying case to have proper standing to appeal. Id. Here, it is undisputed that Glass was not a party in the underlying action. The effect on Glass's alleged interest in the matter, assuming he is, in fact, the president of the apartment's management company, is merely collateral to the underlying foreclosure issue and confers upon him no greater right of appeal than countless other parties who would be generally affected by a foreclosure.
 {¶ 5} Furthermore, it is well-established that a non-party to an action who claims an interest relating to the property or transaction, which is the subject of the action and who is so situated that disposition of the action may as a practical matter impair or impede his ability to protect that interest, may file a motion to intervene pursuant to Civ. R. 24(A). Sutherland v. ITT Residential CapitalCorp. (1997), 122 Ohio App.3d 526, 537. A person who is not a party to an action and has not attempted to intervene as a party lacks standing to appeal. State ex rel. Jones v. Wilson (1976), 48 Ohio St.2d 349;State ex rel. Lipson v. Hunter (1965), 2 Ohio St.2d 225. In the present matter, Glass never filed a motion to intervene. In addition, although Glass alleges that he was present for some portion of an in camera meeting with counsel for the parties and the trial judge regarding the appointment of the receiver, merely being present does not make one a party who *Page 5 
can appeal. In re Addington (July 31, 1995), 4th Dist. No. 94 CA 2271, citing In re Estate of Landrum (Jan. 31, 1991), 4th Dist. No. 1645; see also Cincinnati v. Kellogg (1950), 153 Ohio St. 291.
 {¶ 6} We also note that Glass's assignments of error present arguments on behalf of TNCI. Even assuming TNCI is the management company for the apartments, TNCI is a corporation. A corporation is a distinct legal entity, separate and apart from the natural individuals who formed it and own it. Janos v. Murduck (1996), 109 Ohio App.3d 583, 587. Glass's appeal was brought pro se in his individual capacity and not in the name of TNCI, which was also not a party to the action. Further, there is nothing in the record to suggest Glass is an attorney. An agent of a corporation who is not an attorney may not, in any circumstance, represent the corporation as a pro se advocate in court. See UnionSavings Assn. v. Home Owners Aid (1971), 23 Ohio St.2d 60. Therefore, Glass's appeal was improper in these respects as well. For all of the foregoing reasons, we find Glass lacked standing to appeal the judgment of the trial court that appointed a receiver.
 {¶ 7} Accordingly, Eaton's motion to dismiss Glass's appeal is granted.
Motion to dismiss granted; appeal dismissed.
BRYANT and CONNOR, JJ., concur. *Page 1